CHARLES GURNEY

v.

JAMES BROWN.

*Promissory Note—Liability of Joint Maker—Disputed Signature— Hearsay Evidence—Instructions.*

To admit evidence upon the ground that it is desired to prove a certain immaterial fact, when the result will be to produce hearsay evidence, not within any of the exceptions to the rule prohibiting the introduction of such evidence, is reversible error.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. BULL, STRAWN & RUGER and MAYO & WIDMER, for appellant.

Mr. WALTER REEVES, for appellee.

LACEY, J. This suit was brought on a promissory note of $320, given by Fred. Gurney to appellee through the agency of one Dicus, and the appellant is charged as a joint maker of the note as security. Fred. Gurney, prior to the commencement of the suit, had absconded and left the State. The appellant filed his plea under oath, denying the execution of the note. The only proof of the genuineness of the signature of the appellant was the testimony of the appellee himself, who did not see appellant sign the note, but swears to certain circumstances, which it is claimed are sufficient to raise the presumption that his signature was genuine. Before the money was loaned by appellee to Fred. Gurney, Dicus had the note made out and placed in the hands of the principal to procure the signature of appellant. After a time, Fred. Gurney brought the note back with his own signature and the name of

appellee upon it. The money was then loaned on the note by appellee to Fred. Gurney. On the trial the appellee, Brown, testified that in two or three days, not to exceed a week after loaning the money, he saw appellant across the street in Streator, and went over to him and said to him that he had loaned Fred. Gurney, through Squire Dicus, $320, with the promise of Charles Gurney as security, and that Squire Dicus didn't see him sign the note, and he, appellant, wanted to know whether he signed it or not, and the appellee answered and said he did sign it. The appellee, on the contrary, testified that in the fall of 1885, the appellee stepped up to him and asked him if he did not sign a note for Fred. Gurney, and he said he did, and passed on; that the reason he made this reply was that he signed a note for Fred. which was then outstanding, and he thought that was the one referred to by appellee. He further stated that appellee did not show him any note. At another conversation with appellee in reference to signing the note appellant claimed that he denied it; this was also in 1885, after the first conversation. Appellee denied any conversation of like nature in 1883. It was very important to appellee to show that such conversation as he testifies to, or a similar one, occurred in 1883, in order to corroborate his own and to impeach appellant's testimony. To establish this fact Dicus was called and this question was propounded to him by counsel for appellee: "Did Mr. Fred. Gurney speak on the subject (of the conversation)? I don't ask you to state, but did he speak to you on the subject of Charles Gurney coming to him and talking upon the question of Brown, the plaintiff, approaching him, Charles Gurney, concerning this note?" This question was objected to and the objection sustained by the court. Thereupon Mr. Reeves, attorney for appellant, stated to the court: "I don't seek to show the contents of the conversation, but I want to fix a date; it is a question of date; I desire to ask when it was, with reference to the date of the note, if Mr. Gurney did so speak to you, that is, if Fred. Gurney did so speak to you, when was it with reference to the date of the note?" Thereupon the court overruled the objection and instructed the witness that

he might answer the question as to whether or not Fred. Gurney spoke to him upon the subject alluded to by the counsel in the question. Mr. Reeves then repeated, " upon the subject of Charles Gurney coming to him and talking about Brown's coming to him, Charles Gurney." The objection was again overruled and exception taken. The witness answered. " He did." Upon being asked when it was, the witness further stated that it " occurred a short time after this note was executed and delivered to Brown, I should say; I should place it within two months of the time, and my version is, a shorter time; might have been two months," etc. In this the court erred.

It is apparent that this evidence must have been very damaging to appellant. It is evident that it would have been of no benefit to appellee, to show that at that date Dicus had a conversation with Fred. Gurney in regard to some unknown subject, but it was very important to show that the subject of that conversation was the acknowledgment by appellant to Fred. Gurney, at that date, that appellee had approached him on the subject of his signature to the note in question. That was all the value there was in the question and answer. The jury was invited by this testimony to infer that a conversation took place in 1883, soon after the execution of the note in which the appellee had demanded to know whether appellant had signed the note. This could only be inferred by reason of statements of Fred. Gurney to the witness Dicus. This was the purpose of the question and answer, however much it might be concealed by the claim that its purpose was simply to fix a date; for a date was of no consequence outside the subject-matter of the conversation. To prove the statements of Fred. Gurney, either express or implied, that appellant had told him in 1883 that appellee had approached him in regard to his signature to the note, would be to introduce hearsay, and violative of one of the primary rules concerning the production of evidence. Nor does this come within any of the exceptions to the rule prohibiting the introduction of such evidence. Weyrich v. The People, 89 Ill. 90.

We see no error in the refusal of the court to give appel-

lant's instructions Nos. 3 and 4, offered. The principle announced in No. 3, was covered by instruction No. 2, given for appellant. The instruction No. 4, concerning the oral admissions of appellant, was properly refused. It is in substance the same as the one on the same subject condemned by this court in Byrne v. Hartshorn, 21 Ill. App. 650. We see no other error. The court erred in allowing the evidence of Dicus above mentioned. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*